IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMBER R. MODE                                                                                          PLAINTIFF

       V.                              CIVIL NO. 2:14-cv-02185-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                     DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Amber Mode, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background**

      Plaintiff protectively filed her application for DIB on February 29, 2012, and her application for SSI on May 9, 2012, alleging disability since August 15, 2010, due to hepatitis-C, back pain, arthritis, and mental issues. (Tr. 10, 180) An administrative hearing was held on August 28, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 26-51)

      By a written decision dated November 12, 2013, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, depression with anxiety, a personality disorder, and borderline intellectual functioning. (Tr. 12) After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of

severity of any impairment in the Listing of Impairments. (Tr. 13-14) The ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations:

> [T]he claimant is able to occasionally climb, balance, crawl, kneel, stoop, and crouch. Nonexertionally, the claimant is able to perform simple, routine repetitive tasks in a setting where interpersonal contact is incidental to the work performed and can work under supervision that is simple, direct, and concrete. (Tr. 14)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform her past relevant work (PRW) as a poultry boner. (Tr. 18) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 18)

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on July 1, 2014. (Tr. 1-4) Subsequently, Plaintiff filed this action August 28, 2014. (Doc. 1) This case is before the undersigned pursuant to the consent of the parties. (Doc. 7) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 12, 13)

## II. Applicable Law.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it

simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff argues the ALJ: (1) failed to develop the record, (2) should have included an additional impairment at step two, (3) did not base the RFC assessment on substantial evidence, and, (4) should not have found Plaintiff could perform her PRW. (Doc. 12, pp. 10-18)

### A. Development of the Record

Plaintiff believes the ALJ should have recontacted Dr. Ryan Magnus, a physician at the Choctaw Nation Hospital Behavioral Health Clinic, since his report indicates some information was not shared to preserve confidentiality. Plaintiff also contends the ALJ should have recontacted Dr. Robert Spray, an examining consultant, to allow Dr. Spray an opportunity to express additional opinions. (Doc. 12, pp. 10-11)

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Dr. Magnus only examined Plaintiff one time, which diminishes the relevancy of his treatment notes. (Tr. 572) There is no indication Dr. Magnus's treatment notes provided new information, and Plaintiff does not appear to have made any effort to clarify she wanted the records released. The record also includes a mental evaluation from Dr. Harold Ginzburg, who treated Plaintiff at the same clinic. (Tr. 538) An ALJ is required to obtain additional evidence "only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010). Even without Dr. Magnus's notes, the record contained sufficient evidence for the ALJ to evaluate Plaintiff's mental conditions.

Dr. Spray's evaluation showed Plaintiff was cooperative, although she seemed depressed or somber. (Tr. 497) He noted Plaintiff had normal speech, affect, and thought processes. (Tr. 497-498) Dr. Spray determined Plaintiff's intellectual functioning was "probably borderline" based on her responses to cognitive functioning questions, and noted she appeared impulsive and showed confused thinking at times. (Tr. 498) Plaintiff, however, "denied ever having difficulty relating to others on previous jobs." (Tr. 499) Dr. Spray diagnosed Plaintiff with mood disorder, a history of polysubstance abuse (in remission), personality disorder with antisocial, dependent and borderline features, and borderline intellectual functioning. (Tr. 498) He opined Plaintiff had mild difficulty with short-term immediate memory, attention and concentration, and a limited fund of information, but showed persistence and an ability to work at an adequate pace. (Tr. 499).

Plaintiff believes the ALJ should have recontacted Dr. Spray to ascertain his opinion on Plaintiff ability to work with others, complete a normal work day, and perform activities within a schedule. (Doc. 12, p. 10) Dr. Spray's report, however, offered insight into Plaintiff's ability to interact with others, as well as her ability to work and persist on and complete tasks at an adequate pace.

In addition to Dr. Spray's opinions, the ALJ was informed by the opinions of the non-examining, consulting physicians, and Plaintiff's treatment notes and function reports. (Tr. 279, 296, 502-505, 518, 538, 564) A third party-function report stated Plaintiff had no problems with concentration or getting along with others, and Plaintiff reported she had no problems following instructions or getting along with others. (Tr. 195, 205) At the hearing, she testified about her job search during the relevant time period, and shared her main trouble was "a lot of people judge me because of my tattoos, said they couldn't hire me." (Tr. 46) Dr. Ginzburg assessed Plaintiff with

"mood disorder secondary to general medical condition—history of polypharmacy abuse," but recommended holding Plaintiff's antidepressants until after her pregnancy unless her symptoms became serious. (Tr. 538) Dr. Cheryl Woodson-Johnson, a non-examining physician, opined Plaintiff "is not precluded from handling work related demands which are simple and routine," and is able to "adhere to a schedule and complete work requirements despite her mood disorder." (Tr. 505) Dr. Abesie Kelly, a non-examining physician, noted Plaintiff's treating sources observed "no acute signs of distress [or] need for intensive interventions," and affirmed Dr. Woodson-Johnson's opinion. (Tr. 564) This was substantial evidence for the ALJ to conclude Plaintiff's mental impairments were not disabling without further information. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039-1040 (8th Cir. 2001); s*ee also McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) ("While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment ...").

Accordingly, the undersigned finds no basis for remand on this issue.

### B. Severe Impairment

Plaintiff contends her hepatitis-C is a severe impairment. (Doc. 12, pp. 11-12)

At step two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a); *Bowen v. Yuckert*, 482 U.S. 137 (1987) (O'Connor, J., concurring). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the step two requirement. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). It is the

claimant's burden to establish that an impairment or combination of impairments are severe. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and courts have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. *See, e.g., Page v. Astrue*, 484 F.3d at 1043-44; *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 755; *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 404.1527.

The ALJ addressed Plaintiff's hepatitis-C condition and appropriately concluded it was not a severe impairment. (Tr. 17) As the ALJ noted, Plaintiff did not seek treatment for her condition and Dr. Chester Carlson opined the condition did not cause any limitations. (Tr. 12, 16, 271) Additionally, Plaintiff testified that she has lived with hepatitis-C for at least ten years and held employment with the condition. (Tr. 37-38) Regardless of Plaintiff's reasons for not seeking medical treatment, there is no evidence her condition caused work-related limitations, and she was able to work with the impairment. This is substantial evidence her condition was not disabling. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).

Accordingly, the undersigned finds the ALJ's step two determination is based on substantial evidence.

**C. RFC**

Plaintiff believes the ALJ did not base his evaluation of Plaintiff's mental impairments on substantial evidence, and improperly disregarded a Medical Source Statement from Frank Smith, a physician's assistant. (Doc. 12, pp. 13-17)

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's determination concerning a claimant's RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is required to specifically set forth a claimant's limitations and to determine how those limitations affect her RFC. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

The ALJ summarized Mr. Smith's Medical Source Statement, which anticipated Plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally; stand and walk for at least two hours in an eight hour workday; occasionally kneel or crouch, but never climb or crawl; and would need to periodically alternate sitting and standing. (Tr. 16, 593-595) The ALJ found Mr. Smith's opinion was supported by Plaintiff's results from an MRI of her lumbar spine in May 2013, which showed multi-level disc bulges and mild to moderate foraminal narrowing at the L5-S1 level.

(Tr. 16, 575-576) Although portions of Mr. Smith's opinion were given substantial weight, he discounted Mr. Smith's conclusions that Plaintiff could not sit, stand, or walk for a full work day, and that she would need an accommodation to alternate sitting and standing. (Tr. 16)

Mr. Smith's opinion is considered "other medical evidence." *Raney v. Barnhart,* 396 F.3d 1007, 1010 (8th Cir. 2005)(citing 20 C.F.R. § 404.1513(d)(1)). Since Mr. Smith was an "other source," the ALJ had more discretion to consider any inconsistencies found within the record. *Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006).

Here, the ALJ appropriately balanced Mr. Smith's opinion against the opinions of the non-examining consulting physicians, who opined Plaintiff could perform light work without any postural limitations, and the consultative examination by Dr. Chester Carlson, who noted Plaintiff had full range of motion in her spine and extremities, full muscle strength, and demonstrated no limitations. (Tr. 267-271, 482-488, 571) The ALJ also considered Plaintiff's treatment notes, which showed only conservative treatment, documented normal muscle strength, noted her ability to walk with a normal gait, and referenced no work-related limitations. (Tr. 15-16, 292, 294, 355, 362, 416-417) The ALJ reasonably resolved the conflicts between Mr. Smith's opinion and the opinions of the consulting physicians. *See Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014).

As for Plaintiff's mental conditions, the ALJ addressed the consulting physicians' opinions, and concluded they were entitled to significant weight. (Tr. 17-18) Plaintiff is correct Dr. Ginzburg's evaluation is not referenced in the written decision, but the ALJ acknowledged Plaintiff's complaints of depression to her physicians, which reflects the information noted in Dr. Ginzburg's evaluation. (Tr. 17, 538) The ALJ's RFC determination is well supported by the medical opinions and Plaintiff's treatment notes. *See Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014).

Accordingly, the undersigned finds the ALJ's RFC determination is based on substantial evidence.

### D. Step Four

Plaintiff believes the ALJ did not "adequately ascertain the demands" of her past work. (Doc. 12, p. 17)

The burden is on the claimant to demonstrate that she is unable to return to her past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). While VE testimony at step four is not necessary to determine if a claimant can perform her past work, the ALJ may consider VE testimony. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007). A VE's responses to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform her past work. *Depover*, 349 F.3d at 567.

Plaintiff testified about the demands of her past relevant work at Twin Rivers Chicken Plant. (Tr. 33-36) The ALJ then asked the VE about the exertional demands and skill requirements of Plaintiff's past relevant work at the company. (Tr. 48) In response, the VE testified Plaintiff's work was as a poultry boner at the light, unskilled level, and as a poultry dressing worker at the heavy, unskilled level. (Tr. 48) The ALJ then posed the following hypothetical question to the VE:

> I'd like you to assume a hypothetical person, younger individual, limited education, the work we just talked about. In the first hypothetical the person can do light work as defined by the regulations. But can occasionally climb, balance, crawl, kneel, stoop, crouch. . . . And the person is further limited to unskilled work with incidental contact. That is can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed. And can work under supervision that is simple, direct and concrete. So with those limitations, would there be—could there be a return to the first job you talked about. (Tr. 48-49)

In response, the VE testified the hypothetical person could perform Plaintiff's past work as a poultry boner. (Tr. 49)

VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). The ALJ must only include in the hypothetical the impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993). Having thoroughly reviewed the hearing transcript, along with the entire evidence of record, the undersigned finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See e.g., Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991). The VE's testimony constitutes substantial evidence Plaintiff could perform her past relevant work. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, the undersigned finds the ALJ's determination that Plaintiff has the RFC to perform her past relevant work is supported by substantial evidence, and in making that determination the ALJ provided a sufficient basis for his determination.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 12th day of August, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE